UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY RHINES, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-0809 |
| v | : | (JUDGE MANNION) |
| Federal Bureau of Prisons, | : | |
| Respondent | : | |

**MEMORANDUM**

**I.   Background**

On May 18, 2020, Petitioner, Gary Rhines, a former federal inmate, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He claims that the Federal Bureau of Prisons (BOP) "erred in awarding 1,043 prior pre-sentence credit days in violation of 18 U.S.C. §3585." Id. For relief he seeks to have his pre-sentence credit applied to his current state parole term that he is serving. Id.

A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the instant petition will be dismissed as moot.

**II.     Discussion**

According to BOP records, Rhines' federal sentence commenced on July 1, 2004, the date it was imposed in the United States District Court for the Middle District of Pennsylvania, at case 4:01-cr-00310-JEJ. (Doc. 8-1 at 8, Public Information Inmate Data). Rhines was awarded 1,043 days of prior custody credit by the BOP. Id. On July 24, 2019, Rhines' sentence was reduced to time served and he was released from federal custody.[1] Id.

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be

---

[1] To invoke habeas corpus review by a federal court, a prisoner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* §8.1 (4th ed.2001).

As is evident from the petition filed on May 19, 2020, Petitioner was released from custody ten months before he filed this Petition. Thus, he is not "in custody" for purposes of § 2241. Additionally, his habeas petition is to be dismissed for lack of jurisdiction.

threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because the Bureau of Prisons has complied with the relief requested in the instant petition, there is no further relief available to Rhines and his habeas petition has been rendered moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (finding that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from

being able to grant the requested relief, the case must be dismissed as moot."). See also Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**.

An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 16, 2020**
20-0809-01